IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:15cr301 |
| | ) | |
| ROSCOE ORTEGA UMALI | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the Government's Motion for Revocation of Release Order and the Defendant's Motion for Release on Conditions. For the reasons set forth below, the Government's Motion is granted, the Defendant's Motion is denied, and the Defendant shall be detained without bail.

I.

Based on the *de novo*[1] hearing conducted in this matter on November 19, 2015, the Court finds the relevant facts to be as follows:

On October 22, 2015, a Grand Jury sitting in the Eastern District of Virginia returned an eight-count 29-page

---

[1] "When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001); *see also* 18 U.S.C. § 3145(b).

1

Indictment against Defendant Roscoe Ortega Umali and several co-conspirators in which he is alleged to have been an active conspirator and participant in a mortgage modification fraud scheme.

On November 4, 2015, the Defendant was arrested on charges of wire fraud and conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343.

On November 5, 2015, Magistrate Judge Douglas F. McCormick of the Central District of California conducted a hearing and entered an order releasing the Defendant on conditions pending trial.

On November 5, 2015, the Government filed a Motion for Revocation of Release Order in this Court pursuant to 18 U.S.C. § 3145. This court entered an order staying the Magistrate's order and setting a hearing on the Government's motion in this court as soon as was reasonably practicable.

II.

The Defendant was transported to this district and a *de novo* hearing on the Government's Motion was held on November 19, 2015. 18 U.S.C. § 3145 provides that:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release.

18 U.S.C. § 3145(a)(1).  Under 18 U.S.C. § 3142(e), the defendant may be detained before trial if, after a hearing, this court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safterty safety of any other person and the community."[2] Pursuant to 18 U.S.C. § 3142(g), the factors that must be considered in determining whether to detain or release a defendant on conditions include: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant; and (iv) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  The Government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings, or by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  *Stewart*, 19 F. App'x at 48 (citations omitted).  "For pretrial detention to be imposed on a defendant, the lack of reasonable

---

[2] The Court notes that this case does not fall within the category of cases creating a rebuttable presumption that no condition or combinations of conditions will reasonably assure the safety of any person and the community described by 18 U.S.C. § 3142(e).

3

assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *Stewart*, 19 F. App'x at 48 (citing *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992)).

### III.

A. <u>Nature and Circumstances of the Offense Charged</u>

Defendant is charged with carrying out a large and complex fraud scheme. As set forth in the indictment, the scheme involved mimicking a Federal mortgage refinancing program through the use of multiple aliases, false identification documents, pay-as-you-go cell phones and other means of concealment. Ultimately, this fraud scheme is alleged to have caused approximately $3.7 million in losses to over 400 victims. While the offense does not involve any firearms or violence, it does carry a hefty punishment if the defendant is convicted due to the scale of the fraud alleged. Two of the Defendant's co-conspirators in this same fraud scheme were recently sentenced to 135 months and 151 months respectively. Defendant Umali is alleged to have been the ringleader of the conspiracy, and thus faces the potential of an even harsher sentence if convicted.

Moreover, the alleged fraud involved the use of at least one false identity by the Defendant, and required that the Defendant become adept at concealing his true identity. The Defendant used a California Identification Card with his image

4

and the name "Antonio Sanchez" on it and a Costco card under the same name to open retail mailboxes in order to receive victim payments in furtherance of the fraud. As the defendant faces substantial jail time if convicted and the offense charged involved the use of falsely obtained government identification and careful concealment of the defendant's identity, the nature and circumstances of the offense charged suggests that the defendant has a significant motive to flee and the know-how to do so effectively.

B.  Weight of the Evidence Against the Accused

The weight of the evidence against the defendant also weighs in favor of pretrial detention in this case. At the hearing on this motion, the Government presented copies of the false identification used by the Defendant to open mailboxes used to receive victim payments. The Government also introduced testimony from Agent Erich Schulenberg, who was involved in the arrest of the Defendant and is familiar with the Government's investigation into the Defendant and the evidence against the Defendant. The Court finds Agent Schulenberg's testimony credible. The Government's evidence against Umali includes an identification of the Defendant as the ringleader of the entire scheme by a cooperating witness. The Government also claims to have witnesses which will identify the Defendant as the "director of significant overt acts in the conspiracy",

5

including opening commercial mailboxes and cashing the fraudulently acquired checks. The Government asserts that they have phone and text message records confirming the Defendant's central role in the conspiracy, including text message conversations containing references by the defendant to the fraud scheme as "my business". Finally, the Government claims to have financial records demonstrating that the Defendant received money, frequently in cash or cashier's checks, as proceeds of the conspiracy. The weight of the evidence against the defendant appears to be substantial. This extensive evidence against the defendant increases the temptation to flee rather than return for subsequent proceedings in this court, and weighs in favor of detention.

C.  History and Characteristics of the Defendant

The specific history and characteristics of the defendant in this matter also weigh in favor of detention. The Defendant, by his leading role in a complicated fraud requiring the use of multiple fake identities and disposable phones, has demonstrated skill in assuming other identities, hiding his true identity, and evading detection. Further, when law enforcement first executed a search warrant in this investigation, the Defendant facilitated the flight of two prior defendants in this conspiracy, Kristen Ayala and Joshua Sanchez, to Mexico by providing them with between $5,000 and $8,000 and encouraged

6

them to leave the country. This action demonstrates both the Defendant's willingness to thwart judicial proceedings through flight and his ready access to significant amounts of cash. As the Government has been unable to locate much of the money taken in by the fraud scheme, there is a reasonable likelihood that the Defendant has access to more cash reserves.

The Defendant is also a citizen of the Philippines, has extensive connections there, and has recently traveled there. The Defendant has argued that his return from the Philippines after law enforcement executed the search warrant on Ayala and Sanchez demonstrates a willingness to face judicial proceedings in this matter. The Court finds this argument unpersuasive as the Defendant returned from the Philippines only after having communicated with Ayala and Sanchez via a "facetime" application and confirming that they had fled the United States to Mexico. Because the defendant has demonstrated skill at evading detection and assuming false identities, the defendant has foreign citizenship and extensive contacts abroad, and his past actions demonstrate a willingness to endorse flight rather than face court proceedings on the Government's charges, the history and characteristics of the defendant weigh in favor of detention.

D.     Danger to the Community

The defendant is not alleged to have used violence or weapons in the commission of his crimes.  However, the Court need not find that the defendant would pose a danger to the community if released when the first three factors demonstrate that no combination of conditions will reasonably assure the defendant's presence at future court proceedings.  *Stewart*, 19 F. App'x at 48 (citing *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992)).  Because the Defendant faces a substantial prison sentence if convicted, the Government has extensive evidence against the Defendant, the Defendant has demonstrated skill at assuming false identities and evading detection, and the Defendant has demonstrated a willingness to use flight to thwart law enforcement rather than face judicial proceedings in this matter, the Court finds by a preponderance of the evidence that no combination of conditions will reasonably assure the Defendant's appearance at future court proceedings.

IV.

For the foregoing reasons, the Court finds that no condition or combination of conditions will reasonably assure the Defendant's appearance at subsequent proceedings.  The Court accordingly grants the Government's Motion for Revocation of

Release Order and denies the Defendant's Motion for Release on Condition.

        An appropriate order shall issue.

|  |  |
|---|---|
|  | /s/ |
| November 23, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |